# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

CADENCE BANK, N.A., as successor-in-
interest to SUPERIOR BANK, N.A., as
successor-in-interest to Superior Bank,
FSB, by asset acquisition from the FDIC
as receiver for Superior Bank, FSB,

        Plaintiff,

v.                                Case No: 8:14-cv-2857-T-35MAP

GALLOWAY'S INC., a Florida
Corporation, and JOHN R. GALLOWAY,
Individually, HOBBS ROAD INDUSTRIAL
CENTER CONDOMINIUM ASSOCIATION,
INC., a Florida non-profit corporation,

        Defendants.

_____/

## SETTLEMENT STIPULATION

Cadence Bank, N.A., as successor in interest to Superior Bank, N.A., as successor in interest to Superior Bank, FSB, by asset acquisition from the FDIC as receiver for Superior Bank, FSB (the "Bank"), and Galloway's Inc., a Florida corporation (the "Borrower"), and John R. Galloway, individually (the "Guarantor"), together referred to herein as the "Obligors," all of whom are collectively referred to herein as the "Parties," hereby execute this "Settlement Stipulation" and request entry of an order approving this stipulation, granting the Bank's "Motion for Summary Judgment on Verified Complaint" (the "Motion for Summary Judgment") [Doc. No. 31], and request that this Court enter an Agreed Foreclosure Judgment, in a form substantially the same as attached as Exhibit "A."

## A. BACKGROUND ALLEGATIONS

1.      The Obligors are indebted to the Bank in connection with a lending relationship (the "Lending Relationship") evidenced by a series of loan, security and perfection documents (collectively the "Loan Documents"), relating to one (1) obligation (the "Obligation") due by the Obligors to the Bank. The Bank owns and holds the Loan Documents, which are comprised of the following:

a.      "Promissory Note," executed and delivered by the Borrower to the Bank on or as of March 31, 2008, in the original principal amount of $2,850,000, a copy of which is attached to the Complaint [Doc. No. 1] as Exhibit "A";

b.      "Loan Agreement," executed and delivered by the Borrower to the Bank on or as of March 31, 2008, a copy of which is attached to the Complaint as Exhibit "B";

c.      "Future Advance  Mortgage, Assignment of Rents and Leases, and Security Agreement (Florida)," executed and delivered by the Borrower to the Bank on or as of March 31, 2008, granting the Bank a security interest in the commercial real property (the "Mortgaged Property") to secure the Obligation, the same having been recorded in the Official Records of Hillsborough County, Florida, O.R. Book 18543, beginning at Page 1405, in order to perfect same, a copy of which is attached to the Complaint as Exhibit "C";

d.      "Assignment of Rents and Leases," executed and delivered by the Borrower to the Bank on or as of March 31, 2008, granting the Bank a

security interest in the rents, profits, and proceeds generated by the Mortgaged Property (the "Rents") to secure the Obligation, the same having been recorded in the Official Records of Hillsborough County, Florida, O.R. Book 18543, beginning at Page 1432, in order to perfect same, a copy of which is attached to the Complaint as Exhibit "D";

e.  "Continuing Guaranty (Unlimited)," executed and delivered by the Guarantor to the Bank on or as of March 31, 2008, which unconditionally guarantees the Obligation by the Guarantor, a copy of which is attached to the Complaint as Exhibit "E"; and

f.  "UCC-1 Financing Statement," evidencing the Bank's security interest in the Mortgaged Property and Rents (collectively, the "Collateral"), recorded July 9, 2003, the same having been perfected by recording in the Official Records of Hillsborough County, Florida, O.R. Book 18543, beginning at Page 1438, of and filed April 4, 2008, in the Florida Secured Transaction Registry #200808047297, copies of which are attached to the Complaint as Composite Exhibit "F."

2.  The Borrower owns the property securing the Obligation, referred to herein as the "Mortgaged Property" consisting of real commercial property, Units 101, 102, and 111 of Hobbs Road Industrial Park, Tampa, Florida, located in Hillsborough County, Florida, including rents, issues, and profits generated from the same (the "Rents"), as more fully described in the Loan Documents.

3.      As a result of the Obligors' default on the Loan Documents, demand was made on the Obligors on October 21, 2014 (the "Demand Letter"), a copy of which is attached to the Complaint as Exhibit "G."

4.      On November 14, 2015, the Bank filed its "Verified Complaint," thereby initiating the instant action (the "Action").

5.      As of August 3, 2016, the Obligation was in the aggregate amount of $2,917,648.19, itemized as follows:

| | |
|---|---|
| Principal: | $ 2,552,567.35 |
| Interest (as of 8/3/16 at $443.154053819 per diem): | $ 332,364.37 |
| Late Fees: | $ 21,052.29 |
| Other Charges: | $ 11,664.18 |
| **AMOUNT DUE:** | **$ 2,917,648.19** |

Although the interest calculation set forth above reflect the non-default interest rate, the Bank is expressly reserving the right to seek default-rate interest from the corresponding default date. Similarly, the Bank has a contractual right to recover additional accruing late fees pursuant to the terms of the Loan Documents and all such rights are reserved to the extent not expressly waived. Finally, attorney's fees and court costs are recoverable pursuant to the Loan Documents as a component of the obligations, and the Bank expressly reserves the right to recover the attorney's fees and costs expended.

6.      The following motions remain pending before the Court in addition to the Motion for Summary Judgment:

    (a)      "Galloway's, Inc.'s Response in Opposition to Cadence Bank's Motion for Summary Judgment on Verified Complain" [Doc. No. 34]; and

    (b)      "John Galloway's, Inc.'s Response in Opposition to Cadence Bank's Motion for Summary Judgment on Verified Complain" [Doc. No. 36]

7.     Defendant Hobbs Road Industrial Center Condominium, Inc., a Florida non-profit corporation (the "Association"), has not filed any opposition to the Motion for Summary Judgment.

8.     The Parties have agreed to resolution of Motion for Summary Judgment and the Obligors' opposition to the same on the terms and conditions contained herein.

## B. STIPULATION TERMS

9.     **Entry of Agreed Judgment:**   The Parties agree that, upon the terms and conditions set forth herein, the Court shall grant the Motion for Summary Judgment, and enter an "Agreed Foreclosure Judgment" (the "Agreed Judgment") in the form attached hereto as Exhibit "A," adjudicating the amount of the Obligation and providing for a sale of the Mortgaged Property by the United States Marshal for the Middle District of Florida (the "Foreclosure Sale").

10.     **Turnover of Accrued Rents:**   Immediately upon execution of this Stipulation, the Obligors shall turnover all accrued Rents generated from the Mortgaged Property, in the amount of $32,100 to the Bank, which shall be applied to the Obligation in a manner consistent with the Loan Documents.

11.     **Satisfaction of Deficiency:**   Within five (5) days of execution of this Stipulation, the Obligors shall pay the amount of $45,000.00 (the "Settlement Payment") in full satisfaction of any real or imagined deficiency on the Obligation.   Within five (5) days of timely payment of the Settlement Payment, the Bank shall dismiss Counts I and II of the Complaint, with prejudice, and provide the Obligors with a limited release.   Should the Obligors fail to timely make the Settlement Payment, the Bank shall have the right to proceed against the Obligors as to the

balance of the Obligation due and owing after the Foreclosure Sale pursuant to Florida Statutes §
45.031.

12.    **Cancellation of the Trial:**  The Parties request that this Court cancel the trial
scheduled to occur during the October 3, 2016, trial term.

13.    **Potential of Bankruptcy:**  Each of the Obligors possesses the right at any time to
voluntarily seek protection from creditors under Title 11 of the United States Code (the
"Bankruptcy Code"), and any of the Obligors could potentially hereafter become the subject of
an involuntary bankruptcy petition initiated by any creditor or creditors of any of them.  Without
regard to the legal basis for the initiation of any potential future bankruptcy case by or against
any of the Obligors (a "Hypothetical Future Bankruptcy Case"), or the business and financial
reasons and objectives of any party for such, the Parties stipulate and agree that the pendency of
a Hypothetical Future Bankruptcy Case shall not defeat the intent of the Parties in executing the
Stipulation.

(a)    The Obligors each agree that none will challenge, hinder, or delay in any
manner whatsoever the rights of the Bank under this Stipulation.  Further,
the Obligors agree that they will not institute, or cause or encourage others
to institute against the Obligors any proceedings under any state
insolvency law or any federal bankruptcy law, including a Hypothetical
Future Bankruptcy Case.

(b)    In the event the Mortgaged Property becomes property of any bankruptcy
estate or subject to any state or federal insolvency proceeding, including a
Hypothetical Future Bankruptcy Case, then the Bank shall immediately
become entitled, in addition to all other relief to which the Bank may be

- 6 -

entitled under this Stipulation, to obtain an order from the Bankruptcy Court or other appropriate court granting immediate relief from the automatic stay pursuant to Bankruptcy Code § 362 so to permit the Bank to pursue its rights and remedies against the Obligors and all other rights and remedies of the Bank at law and in equity under applicable state law. In connection with such an order, the Obligors shall not contend or allege in any pleading or petition filed in any court proceeding that the Bank does not have sufficient grounds for relief from the automatic stay. Any bankruptcy petition or other action taken by the Obligors to stay, condition, or inhibit the Bank from exercising its remedies would be in bad faith and the Bank would have just cause for relief from the automatic stay in order to take such authorized under state law. Should the filing of a Hypothetical Future Bankruptcy Case lead to a real or imagined claim asserted against the Bank on account of consideration received under this Agreement and/or pursuant to Bankruptcy Code §§ 544, 547, 548, 550, and other applicable law, the Obligors shall defend, hold harmless, and indemnify the Bank to the full extent of any such real or imagined claims. The Bank shall retain counsel of its choice in the defense of any such claim, and the Obligors shall be jointly and severally liable for all reasonable fees, costs, and expenses associated with any such case, proceeding, and other controversy, as well as on appeal.

Accordingly, it is expressly recognized by the Parties that the Stipulation is a single contract for purposes of application of Bankruptcy Code § 365, and that the Stipulation is in the nature of a

financial accommodation. In the event that the Obligors seek relief under Bankruptcy Code §
301 prior to effectuating a conveyance of the referenced consideration, or all of it, then the
financial concessions granted by the Bank pursuant hereto shall be deemed void ab initio.

14. **Unconditional General Release in favor of Bank and Bank Parties by**
**Defendants:** In consideration of the Bank's execution of the Stipulation, and for other valuable
consideration, the receipt and sufficiency of which are acknowledged, each of the Obligors (for
themselves or anyone claiming by, through, or on behalf of any of them) do hereby jointly and
severally generally release, remise and forever discharge the Bank, and its respective officers,
shareholders, directors, employees, agents, attorneys, subsidiaries, affiliates, predecessors,
successors and assigns (individually a "Bank Party" and collectively the "Bank Parties") of and
from any and all claims, known or unknown, suspected or unsuspected, real or imagined,
asserted or unasserted, contingent or liquidated, meritorious or scandalous, from the beginning of
time to the date of execution of the Stipulation, that any of the Obligors may have as of the
execution of the Stipulation against any Bank Party directly or indirectly arising from, connected
with, resulting from or relating to the transactions evidenced or contemplated by the Loan
Documents. The Obligors further agree that they shall forever refrain and forbear from
commencing, instituting or prosecuting any lawsuit, action, or other proceeding, whether
judicial, administrative or otherwise, or otherwise attempting to collect or enforce, any such
released claim. The Obligors further waive any presently existing defenses against the Bank
Parties, of every nature, character and description, arising out of, connected with, resulting from
or related to the transactions evidenced or contemplated by the Loan Documents. The Obligors
warrant, represent and acknowledge that they have had ample time and opportunity to review the
Stipulation prior to its execution and delivery and that they have executed and delivered the

Stipulation knowingly, voluntarily, and following either (i) full discussion with their counsel of all matters that might be subject to this release, or (ii) knowing and intelligent waiver of the opportunity to consult with counsel in these regards. The intent of the Parties in connection with the execution and delivery of this release is that any manner of claim, defense, right of setoff, right of recoupment, or any other comparable assertion that might be interposed to resist the in rem and in personam claims of the Bank as set forth above is hereby subjected to this general release.

15. **Further Assurances Regarding Action:** None of the Obligors shall take any action that might reasonably be expected to delay or limit the full range of relief bargained for and received by the Bank pursuant to the compromise provided herein. All of the Parties shall exercise good faith and reasonable diligence in executing any pleading or documents intended to further the intent of the Parties in agreeing to the terms and conditions set forth herein. In the event that any or all of the Parties act so as to frustrate the purpose of this Stipulation, either party will be entitled to thereupon seek the order of the Court presiding over the Action deeming such party to have waived any protections afforded pursuant to the Stipulation, notwithstanding the Bank's right to retain all payments and other consideration thereby received.

16. **Valid Consideration; Binding Agreement:** The Obligors warrant, represent and acknowledge that the Stipulation has been executed and delivered by them for adequate consideration and value under all applicable laws, and that the Stipulation is valid, binding, and enforceable in accordance with its terms.

17. **Reservation of Jurisdiction:** The Parties request that this Court retain jurisdiction to approve and enforce all terms and conditions hereof.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed as of the Effective Date, and request that this Court enter an order approving the Stipulation, granting the Motion for Summary Judgment, enter the Agreed Judgment, and for other relief as is necessary and appropriate.

| | |
|---|---|
| /s/ Allison C. Doucette | /s/ David S. Jennis |
| **JOHN A. ANTHONY, ESQ.** | **DAVID S. JENNIS, ESQUIRE** |
| Florida Bar No. 0731013 | Florida Bar No. 775940 |
| janthony@anthonyandpartners.com | djennis@jennislaw.com |
| **ALLISON C. DOUCETTE, ESQ.** | **ERIC D. JACOBS, ESQUIRE** |
| Florida Bar No. 0085577 | Florida Bar No. 85992 |
| adoucette@anthonyandpartners.com | ejacobs@jennislaw.com |
| Anthony & Partners, LLC | Jennis Law Firm |
| 201 N. Franklin Street, Suite 2800 | 400 N. Ashley Drive, Suite 2540 |
| Tampa, Florida 33602 | Tampa, Florida 33602 |
| Phone:  813/273-5616 | Phone:  813/221-1700 |
| Fax:  813/221-4113 | Fax:  813/221-1707 |
| *Attorneys for Cadence Bank, N.A.* | *Counsel for Galloway's, Inc. and John R. Galloway* |

**GALLOWAY'S, INC.**

By: _John R. Galloway_

Its: _President_

STATE OF FLORIDA
COUNTY OF _Hillsborough_

The foregoing instrument was acknowledged before me this 26th day of August, 2016, by _John R. Galloway_ as _President_ of Galloway's, Inc., who is personally known to me, or who has produced the following identification: _FL DL_ (check one).

Name: _GYLLA CAMPS-CAMPINS_ (print)
NOTARY PUBLIC
Commission No.: _FF 172743_
Commission Expiration Date: _12/16/2018_

GYLLA CAMPS-CAMPINS
Notary Public - State of Florida
My Comm. Expires Dec 16, 2018
Commission # FF 172743
Bonded through National Notary Assn.

**JOHN R. GALLOWAY**

STATE OF FLORIDA
COUNTY OF _Hillsborough_

The foregoing instrument was acknowledged before me this 26th day of August, 2016, by John R. Galloway, who is personally known to me, or who has produced the following identification: _FL/DL_ (check one).

Name: _Gylla Camps-Campins_ (print)
NOTARY PUBLIC
Commission No.: _FF 172743_
Commission Expiration Date: _12/16/2018_

GYLLA CAMPS-CAMPINS
Notary Public - State of Florida
My Comm. Expires Dec 16, 2018
Commission # FF 172743
Bonded through National Notary Assn.

- 11 -

**CADENCE BANK, N.A.**

By: _____
 Cy Clark
 Its: Senior Vice President

STATE OF TEXAS
COUNTY OF Harris

    The foregoing instrument was acknowledged before me this 26 day of September, 2016, by Cy Clark, as Senior Vice President of Cadence Bank, N.A., who is personally known to me, or who has produced the following identification:_____(check one).

KAREN A. MARTINEZ
Notary Public, State of Texas
My Commission Expires
August 07, 2019

Name: Karen A. Martinez _____ (print)
NOTARY PUBLIC
Commission No.:_____
Commission Expiration Date: 8/7/19

- 12 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

September

via U.S. Mail and/or electronic e-mail on this _26_ day of ~~August,~~ 2016, to the following:

Eric Jacobs, Esquire
Jennis and Bowen, P.L.
400 N. Ashley Drive, Suite 2540
Tampa, Florida 33602
ejacobs@jennisbowen.com
*Counsel for Galloway's, Inc. and John R. Galloway*

Paige A. Greenlee, Esquire
Greenlee Law, PLLC
1304 S. DeSoto Avenue, Suite 023
Tampa, Florida 33606
paige@greenleelawtampa.com
*Counsel for Hobbs Road Industrial Center Condominium Association, Inc.*


/s/ Allison C. Doucette
**ATTORNEY**