**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CANDENCE BANK, N.A., as successor-in-interest to Superior Bank, N.A., as successor-in-interest to Superior Bank, FSB, by asset acquisition from the FDIC as receiver for Superior Bank, FSB,**

    Plaintiff,

v.   Case No: 8:14-cv-2857-MSS-MAP

**GALLAWAY'S INC., a Florida corporation, JOHN R. GALLOWAY, individually, and HOBBS ROAD INDUSTRIAL CENTER CONDOMINIUM ASSOCIATION, INC., a Florida non-profit corporation,**

    Defendants.

## AGREED FORECLOSURE JUDGMENT

**THIS CAUSE** came before the Court, for consideration of the "Settlement Stipulation" (the "Stipulation") [Doc. No. 38], filed by Cadence Bank, N.A., as successor-in-interest to Suncoast Bank (the "Bank") and Galloway's Inc., a Florida corporation (the "Borrower"), and John R. Galloway, individually (the "Guarantor"), together referred to herein as the "Obligors," all of whom are together referred to herein as the "Parties."

Pursuant to the Stipulation, the Parties have agreed to the entry of this Agreed Foreclosure Judgment (the "Agreed Judgment"). The Parties represent all the parties to this cause, with the exception of Hobbs Road Industrial Center Condominium Association, Inc. (the "Association"), who has not contested the relief sought by the Bank in its "Motion

for Summary Judgment on Verified Complaint" (the "Motion for Summary Judgment") [Doc. No. 31].

This action was initiated by the Bank on November 14, 2014, for <u>in rem</u> and <u>in personam</u> relief against the Obligors relating to one (1) obligation (the "Obligation") secured by real property and improvements located in Hillsborough County, Florida (the "Mortgaged Property"). The Obligation is evidenced by loan, security, perfection, and guaranty documents executed and delivered by the Obligors to the Bank (the "Loan Documents").

The Court enters this Judgment on the Stipulation of the Parties. Accordingly, it is

**ORDERED, ADJUDGED, AND DECREED** as follows:

1. As of August 3, 2016, the Obligation was in the aggregate amount of $2,917,648.19, inclusive of principal, accrued interest, late fees, and other charges itemized as follows:

| | |
|---|---:|
| Principal: | $ 2, 552, 567.35 |
| Interest (as of 8/3/16 at $443.154053819 <u>per diem</u>): | $ 332, 364.37 |
| Late Fees: | $ 21,052.29 |
| Other Charges: | $ 11,664.18 |
| **AMOUNT DUE**: | **$2, 917, 648.19** |

(the "Judgment Amount"). The Judgment Amount will bear interest at the statutory rate provided for judgments from the date of entry of this Judgment. This Agreed Foreclosure Judgment shall be <u>in rem</u> only.

2. With respect to Count III of the Complaint, the Bank is entitled to entry of this Judgment, in its favor and against the Defendants, and all persons claiming under, through or against it. Specifically, the Bank is entitled to the entry of this Judgment

foreclosing its interest in the Mortgaged Property, located in Hillsborough County, Florida, and more fully described in Exhibit "A" hereto.

3. Further, with respect to Count III of the Complaint, as of the date of this Judgment, the Bank shall hold a lien upon the Mortgaged Property for the total sum specified in Paragraph 1 herein. The lien of the Bank is superior in dignity to any right, title, interest or claim of the Obligors and the Association (together, the "Defendants") and all persons, corporations, or other entities claiming by, through, or under the Defendants, and the Mortgaged Property will be sold free and clear of all claims with the exception of the assessments of that are superior pursuant to Florida Statutes §§ 718.116. The Bank's lien encumbers the Mortgaged Property located in Hillsborough County, Florida.

3. Pursuant to 28 U.S.C. §§ 2001 and 2002, the United States Marshal for the Middle District of Florida shall offer the Mortgaged Property for public sale to the highest and best bidder for cash, subject to certain other rights as set forth in this order. No further order or action shall be required to effectuate the sale of the Mortgaged Property.

4. Before taking physical possession of the Mortgaged Property, the United States Marshal or the Marshal's representative shall have free access to the premises during reasonable business hours.

5. The sale by public auction shall be held at the Hillsborough County Courthouse, in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002. The United States Marshal shall promptly notify each of the following people of the date and time of the sale.

    John A. Anthony
    Allison C. Doucette
    Anthony & Partners, LLC
    201 N. Franklin Street, Suite 2800

Tampa, Florida 33602

David Jennis, Esquire
Eric Jacobs, Esquire
Jennis Law Firm
400 N. Ashley Drive, Suite 2540
Tampa, Florida 33602

Paige A. Greenlee, Esquire
Greenlee Law, PLLC
1304 S. DeSoto Avenue, Suite 023
Tampa, Florida 33606

7. The United States Marshal shall advertise the date and time of the sale by publishing a Notice of Marshal's Sale once a week for four consecutive weeks preceding the date fixed for the sale. The applicable advertisement shall appear in at least one newspaper regularly issued and of general circulation in Hillsborough County. The notice shall describe the Mortgaged Property and the terms and conditions of sale set forth in this order.

8. The following terms and conditions govern the sale of the Mortgaged Property:

   a. The sale is subject to any law, ordinance, and governmental regulation (including building and zoning ordinances) affecting the premises and any easement or restriction of record.

   b. The proceeds of sale shall be used to pay the unpaid balance of the Judgment, any outstanding real property tax affecting the Mortgaged Property, and any assessments that are superior pursuant to Florida Statutes §§ 718.116.

    c. On the date of the sale, the successful bidder must deposit with the United States Marshal, either by cashier's check or by cash deposit, a minimum of 10% of the amount bid on the date of the sale.

    d. The successful bidder shall tender the balance of the purchase price to the United States Marshal within three (3) business days following the date of the sale. Payments shall be made by cashier's check payable to the United States Marshal for the Middle District of Florida. If a successful bidder fails to fulfill this requirement, the deposit is forfeited and applied to the expenses of the sale, with any remaining amount returned to the bidder, and the Mortgaged Property shall again be offered for sale under the terms and conditions set forth in this order.

    e. The Bank may credit the bid amount the Bank is owed under the Judgment without tender of cash; however, if the Bank is the successful bidder, the Bank shall pay to the United States Marshal the expenses of the sale.

    f. The sale of the Mortgaged Property is subject to confirmation by this Court, and upon confirmation and receipt of the full purchase price of such sale, the United States Marshal shall execute and deliver a deed conveying the Mortgaged Property to the purchaser.

    g. The Mortgaged Property shall be sold free and clear of any lien or encumbrance except as otherwise provided above.

9. If no bidder meets or exceeds the minimum bid, the United States Marshal or the Marshal's representative shall, without further order of this Court, again offer the

Mortgaged Property for public sale under the terms and conditions of this order, subject to a reduction of the minimum bid as established by the Bank.

10. Upon confirmation of the sale of the Mortgaged Property, the United States Marshal shall ascertain the expenses of the sale, including any cost of publication and any expense of preservation, and shall pay these expenses out of the sale proceeds. The Marshal shall remit the balance of the sale proceeds to the Clerk of the Court with a statement of the Marshal's costs and expenses.

11. Within thirty (30) days after confirmation of the sale, the Bank shall certify the unpaid balance of the Bank's claim and file with the Clerk a statement providing notice of that balance. To the extent the proceeds of the sale allow, the Clerk shall distribute the amount of the unpaid mortgage balance plus interest and any expense incurred by the Bank to protect the Bank's interest in the Mortgaged Property. The remaining balance of the sale proceeds shall be held by the United States Marshal pending further order.

12. Finally, jurisdiction of this Action is retained to enter further orders that are proper as consistent with the Stipulation, or any other judgment or order that is necessary or appropriate.

**DONE** and **ORDERED** in Tampa, Florida, this 14th day of October, 2016.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

**EXHIBIT "A"**

Units 101, 102 and 111, HOBBS ROAD INDUSTRIAL CENTER CONDOMINIUM, according to the plat thereof recorded in Condominium Plat Book 21, Pages 279 through 286, inclusive, and being further described in that certain Declaration of Condominium recorded in Official Records Book 16816, Page 612 of the Public Records of Hillsborough County, Florida, as amended by that certain First Amendment to Declaration of Condominium recorded in Official Records Book 17804, Page 661 and Second Amendment to Declaration of Condominium recorded in Official Records Book 18284, Page 363, of the Public Records of Hillsborough County, Florida, together with its undivided interest or share in the common elements appurtenant thereto, and any amendments thereto.

TOGETHER WITH a non-exclusive easement for pedestrian and vehicular access, ingress arid egress as created by and set forth in the Grant of Perpetual Easement for Right-of-Way recorded in Official Records Book 16810, Page 512, of the Public Records of Hillsborough County, Florida.