UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CADENCE BANK, N.A., as successor-in-
interest to SUPERIOR BANK, N.A., as
successor-in-interest to Superior Bank,
FSB, by asset acquisition from the FDIC
as receiver for Superior Bank, FSB,

    Plaintiff,

v.                                            Case No: 8:14-cv-2857-T-35MAP

GALLOWAY'S INC., a Florida
Corporation, and JOHN R. GALLOWAY,
Individually, HOBBS ROAD INDUSTRIAL
CENTER CONDOMINIUM ASSOCIATION,
INC., a Florida non-profit corporation,

    Defendants.
_____/

## MOTION TO APPROVE SALE AND MEMORANDUM OF LAW

    Plaintiff, Cadence Bank, N.A. (the "Bank"), hereby moves for the entry of an order of the Court approving the sale of real property located in Hillsborough County, Florida (the "Property"), pursuant to the "Agreed Foreclosure Judgment" (the "Judgment") entered by the Court on October 14, 2016 [Docket No. 41], in favor of the Bank, and in support states as follows:

    1.    The Bank initiated this case by filing a complaint (the "Complaint") on November 14, 2014.

    2.    On October 14, 2016, the Court entered the Judgment [Docket No. 41], directing the United States Marshal (the "Marshal"), to conduct the sale of the Property (the "Sale").

    3.    The Marshal conducted the Sale and has filed a "Process Receipt and Return" (the "Sale Return and Confirmation") [Docket No. 42].

    4.    The Sale Return and Confirmation show that the Property was sold to the Bank as the successful bidder for the minimum bid of $100.00.

**MEMORANDUM OF LAW**

5.  Title 28, United States Code, Section 2001 governs the judicial sale of real property and states that a public sale "shall be upon such terms and conditions as the court directs." The Court's Judgment states that the sale of the Property is subject to confirmation by this Court.

6.  <u>Florida Statutes</u> § 45.031 provides the clerk of court shall issue a certificate of sale, certificate of title and certificate of disbursements upon the completion of a foreclosure sale.

7.  In the instant case, the Marshal conducted the Foreclosure Sale and is acting in the stead of the clerk of court.

8.  No party has objected to the Sale, and counsel for the Bank has confirmed with counsel for Galloway's Inc. and Hobbs Road Industrial Center Condominium Association, and they have advised that there is no objection to the relief requested in this Motion.

9.  Accordingly, based upon the foregoing, the Bank requests the Court enter an order approving the Sale, and directing the Marshal to issue title to the Property in favor of the Bank.

WHEREFORE, the Bank respectfully requests that the Court enter an order approving the Foreclosure Sale, and directing the Marshal to issue a certificate of title for the Property in favor of the Bank, and for such other relief is appropriate in the circumstances.

/s/ Allison C. Doucette
**JOHN A. ANTHONY, ESQUIRE**
Florida Bar No. 0731013
janthony@anthonyandpartners.com
**ALLISON C. DOUCETTE, ESQUIRE**
Florida Bar No. 0100403
adoucette@anthonyandpartners.com
Anthony & Partners, LLC
201 N. Franklin Street, Suite 2800
Tampa, Florida  33602
Telephone:  813/273-5616
Telecopier:  813/221-4113
Attorneys for Cadence Bank, N.A.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail and/or electronic e-mail on this 20th day of February, 2017, to the following:

| | |
|---|---|
| David S. Jennis, Esquire<br>Eric D. Jacobs, Esquire<br>Jennis Law Firm<br>400 N. Ashley Drive, Suite 2540<br>Tampa, Florida 33602<br>djennis@jennislaw.com<br>ejacobs@jennislaw.com<br>*Counsel for Galloway's, Inc. and John R. Galloway* | Paige A. Greenlee, Esquire<br>Greenlee Law, PLLC<br>1304 S. DeSoto Avenue, Suite 203<br>Tampa, Florida 33606<br>paige@greenleelawtampa.com<br>*Counsel for Hobbs Road Industrial Center Condominium Association, Inc.* |

/s/ Allison C. Doucette
**ATTORNEY**