**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CADENCE BANK, N.A., as successor-in-interest to Superior Bank, N.A., as successor-in-interest to Superior Bank, FSB, by asset acquisition from the FDIC as receiver for Superior Bank, FSB,**

    Plaintiff,

v.                                     Case No: 8:14-cv-2857-MSS-MAP

**GALLAWAY'S INC., a Florida corporation, JOHN R. GALLOWAY, individually, and HOBBS ROAD INDUSTRIAL CENTER CONDOMINIUM ASSOCIATION, INC., a Florida non-profit corporation,**

    Defendants.

---

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Unopposed Motion to Approve Sale. (Dkt. 43) On October 14, 2016, based on the Parties' Settlement Stipulation and pursuant to 28 U.S.C. §§ 2001 and 2002, the Court entered an Agreed Foreclosure Judgment that directed the U.S. Marshal to conduct a public sale of the mortgaged property subject to this action, Units 101, 102 and 111, HOBBS ROAD INDUSTRIAL CENTER CONDOMINIUM, physical address 213 & 221 Hobbs Street, Units 101, 102, and 111, Tampa, FL 33619 ("Mortgaged Property"). (Dkt. 41) According to the Judgment, the sale of the Mortgaged Property is "subject to confirmation by this Court, and upon confirmation and receipt of the full purchase price of such sale,

the United States Marshal shall execute and deliver a deed conveying the Mortgaged Property to the purchaser." (Dkt. 41 at ¶8f.)

On January 6, 2017, pursuant to the terms of the Judgment, the U.S. Marshal filed a Report of Sale informing the Court that the Mortgaged Property had been sold to Plaintiff Cadence Bank, N.A. for a sale price at the minimum bid of $100.00. (Dkt. 42) Plaintiff requests that the Court approve the sale and direct the Marshal to issue a certificate of title for the Mortgaged Property in favor of the Plaintiff. Plaintiff represents that no party has objected to the sale and that counsel for Defendants have advised that there is no objection to the relief requested.

According to 28 U.S.C. § 2001(a),

> [a]ny realty or interest therein sold under any order or decree of any court of the United States shall be sold as a whole or in separate parcels at public sale at the courthouse of the county, parish, or city in which the greater part of the property is located, or upon the premises or some parcel thereof located therein, as the court directs. Such sale shall be upon such terms and conditions as the court directs.

Additionally, 28 U.S.C. § 2002 requires that notice of a public sale be "published once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in the county, state, or judicial district of the United States wherein the realty is situated." Courts have wide discretion in determining whether to confirm a judicial sale. Vanderbilt Mortg. & Fin., Inc. v. Crosby, No. CIV.A. 14-00259-KD-C, 2015 WL 4488035, at *1 (S.D. Ala. July 23, 2015) (citing Citibank, N.A. v. Data Lease Fin. Corp., 645 F.2d 333, 339 (5th Cir. 1981)).[1] Indeed, "[s]uch determinations ordinarily will not be disturbed except for an abuse of discretion, recognizing the strong

---

1 See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir.1981) (adopting as binding precedent all decisions of the former Fifth Circuit issued on or before September 30, 1981).

2

public policy in favor of the finality of judicial sales." JP Morgan Chase Bank, N.A. v. Surek, No. CIV.A. 11-00263-KD-M, 2013 WL 28766, at *1 (S.D. Ala. Jan. 2, 2013) (citations omitted). Generally, "confirmation will not be refused except for substantial reasons, and that in the absence of fraud or misconduct, the highest bidder will ordinarily be accepted as the purchaser of the property offered for sale." Id. (citations omitted).

Here, upon review of the instant Motion and the U.S. Marshal's Report of Sale, the Court finds that the sale of the Mortgage Property complies with the Agreed Foreclosure Judgment and 28 U.S.C. §§ 2001 and 2002 to the Court's satisfaction. Additionally, there is no evidence that fraud or misconduct was involved in the sale, and per Plaintiff, no party objects to the confirmation of the sale. Accordingly, Plaintiff's Motion to Approve Sale is **GRANTED** and the sale of the Mortgaged Property is hereby **CONFIRMED AND APPROVED**. The United States Marshal is **DIRECTED** to issue a certificate of title for the Mortgaged Property in favor of Plaintiff, Cadence Bank, N.A.

**DONE** and **ORDERED** in Tampa, Florida, this 15th day of March, 2017.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
U.S. Marshal Service
Counsel of Record
Any Unrepresented Person